# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1867V
UNPUBLISHED

|  |  |
|---|---|
| AMY JORDAN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 6, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 6, 2018, Amy Jordan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on December 13, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 23, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 1, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $117,174.66 (consisting of $110,000.00 for pain and suffering and $7,174.66 for past unreimbursed

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

expenses).  Proffer at 1.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $117,174.66 (consisting of $110,000.00 for pain and suffering and $7,174.66 for past unreimbursed expenses) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
)
AMY JORDAN,                            )
                                       )
            Petitioner,                )
                                       )     No. 18-1867V **(ECF)**
v.                                     )     Chief Special Master Corcoran
                                       )
SECRETARY OF HEALTH                    )
AND HUMAN SERVICES,                    )
                                       )
            Respondent.                )
_____)

## RESPONDENT'S PROFFER ON AWARD OF DAMAGES

On December 23, 2019, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter involving a Shoulder Injury Related to Vaccine Administration. The same day, the Court entered its Ruling on Entitlement, finding petitioner Amy Jordan entitled to Vaccine Act compensation. Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$117,174.66** in the form of a check payable to petitioner, Amy Jordan.[1] This amount consists of $110,000.00 for pain and suffering and $7,174.66 for past unreimbursed expenses, and represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[2]

Petitioner agrees with the proffered award of $117,174.66.[3]

_____

[1] Petitioner is a competent adult. No guardianship is required.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Voris E. Johnson, Jr.
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4136

Dated: April 1, 2020